1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8

9

10   JOSE LUIS GONZALEZ,                        )   CV F 05 0664 AWI LJO HC
                                                )
11                        Petitioner,           )
                                                )   FINDINGS AND RECOMMENDATION
12        v.                                    )   REGARDING PETITION FOR WRIT OF
                                                )   HABEAS CORPUS
13   WARDEN OF T.C.I.,                          )
                                                )   [Doc. #1]
14                        Respondent.           )
                                                )
15   _____        )

16

17        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2241.

         **DISCUSSION**

19

20        On May 23, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. In his

21   petition, Petitioner contends that prison guards have physically beaten him. He contends he was

22   wrongfully placed in a cell with a cell-mate who wanted to maim him. He further complains that

23   prison guards have ridiculed him and withheld his mail. Finally, he complains that he received dental

24   care that he did not require.

25        Writ of habeas corpus relief extends to a person in custody under the authority of the United

26   States.  See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show

27   he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

28   § 2241(c)(3).   However, where a Petitioner seeks to challenge the conditions of his confinement, his

1  claims are cognizable in a civil rights action rather than a habeas corpus action.  In the federal

2  context, <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388

3  (1971), provides petitioners with a remedy for violation of civil rights by federal actors. <u>C.f.</u>, <u>Badea</u>

4  <u>v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners

5  should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

6       In this case, Petitioner's complaints involve the conditions of his confinement, not the fact or

7  duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition

8  must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a

9  civil rights complaint pursuant to <u>Bivens,</u> 403 U.S. 388 (1971) and 42 U.S.C. § 1983.

10  **RECOMMENDATION**

11       Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be

12  DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas

13  corpus relief.  The Court further RECOMMENDS that the Clerk of Court be DIRECTED to send

14  Petitioner the standard form for claims pursuant to <u>Bivens,</u> 403 U.S. 388 (1971) and 42 U.S.C.

15  § 1983.

16       These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii,

17  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule

18  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

19  California.  Within thirty (30) days after being served with a copy, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall

22  be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the

23  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

24  (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive

25  the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

26  IT IS SO ORDERED.

27  **Dated:   June 29, 2005**          **/s/ Lawrence J. O'Neill**
   b9ed48                              UNITED STATES MAGISTRATE JUDGE

28